# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TERRY DON CASSADY and | ) | |
| (2) PENNY MARIE WALLING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-621-TCK-FHM |
| | ) | |
| (1) CRST MALONE, INC.; | ) | |
| (2) NATHANIAL S. MEDLEY; and | ) | |
| (3) ACE AMERICAN INSURANCE COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are (1) Defendant ACE American Insurance Company, Inc.'s ("ACE") Motion to Dismiss (Doc. 30); (2) Plaintiffs' Motion to Serve Defendant Medley by Other Means (Doc. 31); and (3) Plaintiffs' Motion for Additional Time to Serve Defendant Medley (Doc. 36).[1]

**I.    Background**

This proceeding arises from a January 14, 2016 motor vehicle accident in Tulsa County, Oklahoma. Plaintiffs were injured when they collided with a semi truck driven by Defendant Nathanial S. Medley ("Medley"). Plaintiffs allege Medley was acting in the course and scope of his employment with Defendant CRST Malone, Inc. ("CRST"). Plaintiffs further allege Defendant ACE was the insurer of both Medley and CRST. On August 18, 2016, Plaintiffs filed a complaint in the District Court for Tulsa County, Oklahoma, alleging negligence claims against several

---

[1] Plaintiffs have filed two additional motions. Plaintiffs' motion for a hearing on its Motion to Serve Defendant Medley by Other Means (Doc. 44) is denied. Plaintiffs' Opposed Motion to Amend Complaint (Doc. 47), which seeks to add claims against CRST Malone, Inc. and Nathaniel S. Medley, was filed on May 15, 2017 and is not yet ripe for consideration.

defendants including CRST, Medley, and ACE. On October 4, 2016, CRST removed the complaint to this Court on the basis of diversity jurisdiction (Doc. 2).

## II. Defendant ACE's Motion to Dismiss

Plaintiffs' original complaint named as Defendants ACE, Chubb Group Holdings, Inc., and Chubb National Insurance Company, Inc. ("Defendant Insurers"), in addition to CRST and Medley. On October 11, 2016, Defendant Insurers filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (Doc. 11). Defendant Insurers' motion argued that they were improper parties, as Plaintiffs failed to allege facts supporting a required element of their claim against the Defendant Insurers. Plaintiffs' complaint sought to hold Defendant Insurers liable under the Oklahoma Motor Carrier Act ("OMCA"), Okla. Stat. tit. 47, § 230.30 ("§ 230.30"), which requires motor carriers to file a liability insurance policy or bond with the Oklahoma Corporation Commission ("OCC") before obtaining a license to operate in Oklahoma. Defendant Insurers argued that § 230.30 did not apply, because Plaintiffs failed to allege that CRST operated under a license from OCC or that it filed a liability insurance policy or surety bond with OCC at the relevant time period.

On December 5, 2016, the Court denied the Defendant Insurers' motion to dismiss and granted Plaintiffs fifteen days to file an amended complaint (Doc. 28). On December 12, 2016, Plaintiffs filed an Amended Complaint (Doc. 29) alleging negligence claims against CRST, Medley, and ACE. On December 22, 2016, ACE filed the instant motion to dismiss it from this action pursuant to Rule 12(b)(6).[2]

---

[2] On March 21, 2017, this case was transferred to the undersigned due to a court conflict. (Doc. 41).

2

### A. Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

**B.     Analysis**

ACE moves to dismiss Plaintiffs' Amended Complaint for failure to state a direct liability claim against it. Under Oklahoma law, a defendant's liability insurer generally cannot be sued directly. *See, e.g., Daigle v. Hamilton*, 782 P.2d 1379, 1383 (Okla. 1989) ("We have never before recognized the right of a plaintiff to bring a *direct* action against the insurer of an alleged tortfeasor absent statutory edict. We do not recognize this right now."). However, an exception is sometimes created by statute. Plaintiffs allege that ACE is liable under the OMCA, which states:

> A. No license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy . . . and the liability and property damage insurance policy . . . shall bind the obligor thereunder to make compensation for injuries to, or death of, persons . . . resulting from the operation of any carrier for which the carrier is legally liable. A copy of the policy . . . shall be filed with the Commission, and, after judgment against the carrier for any damage, the injured party may maintain an action upon the policy . . . to recover the same, and shall be a proper party to maintain such action.

Okla. Stat. tit. 47, § 230.30(A). In order to state a claim against a motor carrier's insurer under this provision, a plaintiff must allege: "(1) he suffered injury; (2) the injury occurred by operation of a motor carrier; and (3) the motor carrier was required to be and was in fact insured pursuant to § 230.30." *See Mize v. Liberty Mutual Ins. Co.*, 393 F. Supp. 2d 1223, 1226 (W.D. Okla. 2005).

ACE contends Plaintiffs have not pleaded adequate facts to establish the third element under *Mize*, because they failed to allege that CRST was required to file an insurance policy with OCC or that it had actually done so on the date of the accident. Because the Amended Complaint does not establish that CRST was required to be and in fact was insured pursuant to § 230.30, ACE argues, Plaintiffs have no basis to assert a direct claim against ACE.

Plaintiffs' Amended Complaint alleges that (1) Plaintiffs were injured by the semi truck driven by Medley while he was acting within the scope of his employment for CRST; (2) ACE was

4

the insurance carrier for CRST and Medley at all relevant times; and (3) CRST filed a Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance ("UMC Certificate"). (Am. Compl. ¶ 3.)[3] Plaintiffs allege that "[c]onsequently, Defendant Ace American Insurance Company is liable pursuant to 47 O.S. § 230.30." (*Id.*)

The Court agrees with ACE that Plaintiffs' Amended Complaint fails to state a claim against ACE under § 230.30. Plaintiffs have failed to allege facts sufficient to establish the third element, namely, that CRST "was required to be and was in fact insured pursuant to 47 O.S. § 230.30." *Mize*, 393 F. Supp. 2d at 1226. Plaintiffs' allegations that (1) CRST filed the UMC certificate and (2) ACE was the insurer for CRST and Medley are not sufficient to satisfy the element because they do not establish that CRST was required to be or was in fact insured under § 230.30. Plaintiffs' statement that "[c]onsequently, [ACE] is liable pursuant to 47 O.S. § 230.30" (Am. Compl. ¶ 3) does not cure this deficiency, because it is a legal conclusion, rather than a factual allegation.

Plaintiffs rely on *Mize*, in which the district court permitted plaintiff to proceed with claims directly against an insurer. The court found that the plaintiff "alleges that he suffered an injury by operation of a motor carrier (UPS), and he impliedly alleges that UPS was required to be and was in fact insured by LMIC pursuant to § 230.30." *Mize*, 393 F. Supp. at 1226. ACE correctly points out that *Mize* was decided based on the well-established notice pleading dismissal standard in place

---

[3] The UMC Certificate, which Plaintiffs attached as Exhibit A to the Amended Complaint, bears a countersignature dated August 11, 2004 and identifies American Home Assurance Company as CRST's insurer. (*Id.* Ex. A.) Plaintiffs argue that it is irrelevant that the UMC Certificate lists American Home Assurance Company, rather than ACE. Plaintiffs assert (without citing authority) that "[b]y CRST filing a Certificate with [OCC], the insurer of CRST at the time of the collision can be named in a direct action, even if it is not the same insurer as listed on the Certificate." (Resp. to Mot. to Dismiss 6.) Even assuming this argument is supported by authority, Plaintiffs have still failed to state a claim against ACE for the reasons discussed herein.

5

before *Twombly*. Here, under the plausibility standard set forth in *Twombly* and *Iqbal*, Plaintiffs must allege facts, not merely legal conclusions, to establish a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Due to Plaintiffs' failure to allege facts supporting the third element above, the Amended Complaint fails to state a claim for relief against ACE. Further, other courts have distinguished *Mize* based on facts similar to those here, *see Green v. Ace Am. Ins. Co.*, No. CIV-07-1377-HE, 2008 U.S. Dist. LEXIS 71154 (W.D. Okla. Sept. 9, 2008) (dismissing claim against insurer where plaintiff failed to allege that the motor carrier obtained a license from OCC or filed a liability insurance policy with OCC), or have declined to extend the reasoning in *Mize*, *see Hubbard v. Liberty Mut. Fire Ins. Co.*, No. CIV-06-356-S, 2007 U.S. Dist. LEXIS 32451, at *9 (E.D. Okla. May 1, 2007) (noting that *Mize* "appears to have been decided on a very limited set of facts" and "did not address the larger question of whether insurers of motor carriers operating in the state of Oklahoma are subject to direct actions in Oklahoma").

Plaintiffs contend that ACE's motion to dismiss should be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 because ACE has injected a factual dispute as to whether or not CRST was registered with the OCC or properly registered pursuant to the Single State Registration System. (Resp. to Mot. to Dismiss 7.) The Court finds this argument without merit. ACE did not attach any extraneous evidence to its motion, which concerns Plaintiffs' failure to plead facts establishing the third element of a direct liability action under § 230.30. Further, even if ACE had presented matters outside the pleadings, the Court's decision that ACE is entitled to dismissal is not based on any such external matters or factual dispute. It is based on Plaintiffs' failure to allege facts supporting the elements of a direct liability claim against ACE. Assuming all of Plaintiffs' allegations to be true, as the Court must in considering a motion to

6

dismiss under Rule 12(b)(6), Plaintiffs have failed to state a claim against ACE, and ACE should be dismissed from this case.

The Court notes that the earlier motion to dismiss filed by Defendant Insurers raised many of the same arguments that ACE raised in its motion here. Accordingly, Plaintiffs were on notice of the need to plead additional facts supporting the third element of a direct liability action under § 230.30 before filing the Amended Complaint. Plaintiffs in fact attempted to do so in the Amended Complaint but have still failed to plausibly support a direct liability claim against ACE. Therefore, the dismissal will be with prejudice.

## III. Service on Defendant Medley

Plaintiffs have filed motions seeking (1) leave to serve Defendant Medley by alternative means, namely, via calling Medley's cell phone (Doc. 31); and (2) additional time to serve Medley (Doc. 36). In their motions, Plaintiffs recount their unsuccessful efforts on five separate occasions to serve Medley by mail or personal service at various residences. After hiring a private investigator and obtaining Medley's cell phone number from CRST, Plaintiffs' counsel reached Medley by phone and asked him where to send the service papers. Medley indicated that he is homeless and does not have access to email. When Plaintiffs' counsel suggested he could send Medley a link to the documents via text message, Medley hung up the phone.

### A. Motion to Serve Defendant Medley by Alternative Means (Doc. 31)

Plaintiffs seek leave to serve Medley by calling him on the cell phone number provided by CRST, reciting the information that is required to be in a summons under Federal Rule of Civil Procedure 4 ("Rule 4"), and informing Medley how to contact Plaintiffs' counsel if he would like to obtain a physical copy of the complaint and summons. Plaintiffs propose that if Medley hangs

7

up, they would leave the same information on a voice mail. Plaintiffs argue that this proposal is reasonably calculated to give Medley actual notice of the proceedings and an opportunity to be heard, because "the only known, successful way to communicate with" Medley is on his cell phone. (Mot. to Serve Defendant Medley by Other Means 4.) CRST contends Plaintiffs' proposed alternative method of service fails to provide Medley with a copy of the summons and complaint as required under Rule 4, and is not reasonably calculated to give Medley notice of the proceeding and an opportunity to be heard.

The Court finds that Plaintiffs' proposed method of service is inadequate. Plaintiffs have not provided any case law or statute supporting their argument that contacting Medley by cell phone or leaving a voice mail would provide Medley with adequate notice or opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). As CRST points out, other courts permitting service by electronic means have still required that a copy of the summons and complaint be delivered to the defendant or were limited to corporate defendants. While the Court acknowledges the difficulty in serving this particular Defendant as documented in Plaintiffs' motions, the Court is not satisfied that Plaintiffs' proposed alternative method of service is adequate.

### B.    Motion for Additional Time to Serve Defendant Medley

Pursuant to Rule 4(m), Plaintiffs had 90 days from the removal of this action to serve any defendants not previously served. *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 81(c) (stating that Federal Rules of Civil Procedure apply to a civil action after it is removed from state court); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (holding that time for service under Rule 4(m) extends from the date of removal). Due to the difficulty Plaintiffs have encountered in attempting to serve Medley, Plaintiffs seek an additional 120 days to serve Medley.

CRST objects to Plaintiffs' request for additional time, citing the potential impact on scheduled discovery and pre-trial deadlines. CRST offers several arguments for dismissing Medley from this action. First, CRST notes that Plaintiffs failed to serve Medley or request an extension of time to serve him within 90 days after removal, and Plaintiffs' last attempted service on Medley via process server was on October 22, 2016, well before the January 2, 2017 deadline. CRST also points out that Plaintiffs had alternative means of service available to them under state law, as permitted by Rule 4(e)(1), which they failed to use. Finally, CRST contends Medley is an unnecessary party for Plaintiffs to recover fully on their negligence claims, because CRST has admitted in its Answer (Doc. 16) that Medley was acting within the course and scope of his employment when the collision occurred, and therefore CRST is liable for his negligent acts via respondeat superior.

In light of the Court's ruling above on Plaintiffs' Motion to Serve Defendant Medley by Other Means, Plaintiffs are ordered to report to the Court no later than ten (10) days from the date of this Order whether they wish to continue their attempts to serve Medley via any method authorized under Rule 4 or applicable state law. If Plaintiffs still seek leave to do so, Plaintiffs must show cause for their request to extend the time for service in a motion no longer than five (5) pages in length, filed no later than ten (10) days from the date of this order. If Plaintiffs file such motion, Defendants will have ten (10) days to file a response, which shall be no longer than five (5) pages in length.

## IV. Conclusion

ACE's Motion to Dismiss (Doc. 30) is GRANTED. Defendant ACE is DISMISSED from this proceeding with prejudice.

Plaintiffs' Motion to Serve Defendant Medley by Other Means (Doc. 31) is DENIED. Plaintiffs' Motion for Additional Time to Serve Defendant Medley (Doc. 36) is MOOT. Plaintiffs are ORDERED to report to the Court no later than ten (10) days from the date of this Order whether Plaintiffs seek additional time to attempt to serve Medley by any method set forth under Rule 4. Should Plaintiffs wish to do so, Plaintiffs must submit a motion consistent with this Order no later than ten (10) days from the date of this Order.

**SO ORDERED this 16th day of May, 2017.**

**TERENCE KERN**
**United States District Judge**