IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) PENNY WALLING, )
 )
        Plaintiff, )
 )
v. ) Case No. 16-CV-621-TCK-FHM
 )
(1) CRST MALONE, INC. and )
(2) NATHANIAL S. MEDLEY, )
 )
        Defendants. )

## OPINION AND ORDER

Before the Court is Defendant CRST Malone, Inc.'s Motion for Partial Summary Adjudication and Brief in Support ("Motion") (Doc. 68).

**I.    Factual Background**

    **A.    Undisputed Facts**

Plaintiff Penny Walling ("Plaintiff") alleges that on January 14, 2016, she was involved in an accident with Defendant Nathanial S. Medley ("Medley") at the intersection of Southwest Boulevard and West 23rd Street in Tulsa County, Oklahoma, which was caused by the negligence of Medley. In its Answer, Defendant CRST Malone, Inc. ("CRST") admits agency and stipulates that at the time of the collision, Medley was an agent of CRST acting within the course and scope of his agency agreement. CRST admits that, should Medley be found negligent and should his alleged negligence be determined to be the cause of Plaintiff's claimed injuries and damages, CRST would be vicariously liable under the doctrine of respondeat superior. Plaintiff also alleges that CRST was independently negligent for entrusting its vehicle to Medley.

**B. Plaintiff's Additional Statement of Undisputed Facts**[1]

On July 21, 2012, Medley was found at fault for speeding while driving a semi-truck and striking a concrete barrier, which CRST knew at the time the time it decided to hire Medley as a driver. In 2013, Medley was cited for stop lamp violations, inoperative required lamps, failure to obey a traffic control device, and a state vehicle registration violation. (Pl.'s Ex. 7.) On another occasion before he was hired by CRST, Medley drove with an improper speedometer.[2]

At some point before CRST hired Medley, Medley pleaded guilty to a felony. CRST knew Medley was a convicted felon when it hired him. CRST had a policy requiring senior management to approve the hiring of any convicted felon. No documents exist showing that senior management approved Medley for hire despite his felony conviction. On Medley's application for employment with CRST, he also indicated that he had received a DUI.

CRST hired Medley on May 21, 2015. Between then and October 8, 2015, CRST cited Medley with fifteen different violations, ranging from logbook violations to speeding. Medley failed his daily inspection report for several dates in December 2015. Medley also failed his daily inspection report on the following dates in January 2016: January 1, 2, 5, 6, 8, 9, 10, 11, 13, and 14.

On January 14, 2016, CRST entrusted Medley with its semi-truck. On that date, while driving a semi-truck for CRST, Medley turned in front of Plaintiff and caused a collision with

---

[1] Plaintiff presents evidence in the record supporting the following additional facts. CRST did not file a reply in support of its Motion or otherwise respond to Plaintiff's Statement of Undisputed Facts.

[2] Plaintiff cites deposition testimony showing that CRST knew of this violation, but did not provide the Court with sufficient transcript pages or other record material to support this assertion.

2

Plaintiff. CRST's agent testified that the collision was caused by improper turning by Medley, and CRST planned to fire Medley after the collision, before Medley quit.

On August 18, 2016, Plaintiff filed a complaint in the District Court for Tulsa County, Oklahoma, alleging negligence claims against several defendants including CRST, Medley, and ACE American Insurance Company, Inc.[3] On October 4, 2016, CRST removed the complaint to this Court based on diversity jurisdiction. (Doc. 2.) On August 8, 2017, Plaintiff, with leave of Court, filed a Second Amended Complaint (Doc. 62), including additional factual allegations, a claim of negligent entrustment against CRST, and claims for punitive damages against CRST and Medley. On November 20, 2017, CRST filed its Motion, seeking partial summary judgment with respect to Plaintiff's claim of negligent entrustment.

## II. Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). In its summary judgment analysis, the Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id*. However, the party seeking to overcome a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

[3] Plaintiff filed her original complaint with a co-Plaintiff, Terry Don Cassady ("Cassady"). On July 18, 2017, the parties filed a stipulation of dismissal of the claims of Cassady. (Doc. 58.)

3

A movant that "will not bear the burden of persuasion at trial need not negate the nonmovant's claim," but may "simply . . . point[] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (internal citations omitted). If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing Fed. R. Civ. P. 56(e)). To meet this burden, the nonmovant must set forth facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). "In response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome convincing presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988).

**III.    Analysis**

Liability for negligent entrustment of an automobile results "when the automobile is supplied, directly or through a third person, for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm to others." *Sheffer v. Carolina Forge Co., L.L.C.*, 306 P.3d 544, 548 (Okla. 2013) (citing *Green v. Harris*, 70 P.3d 866, 868 n. 5 (Okla. 2003)). CRST contends summary judgment as to Plaintiff's negligent entrustment claim is warranted on two independent

4

grounds: (1) the claim is precluded as a matter of law pursuant to *Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997); and (2) Plaintiff has failed to present admissible evidence to support this claim.

### A. Preclusion Under *Jordan v. Cates*

In *Jordan v. Cates*, the Oklahoma Supreme Court affirmed summary judgment for an employer on claims for negligent hiring and negligent retention where the employer had stipulated that its employee had acted within the course and scope of employment. The court held that claims for negligent hiring and negligent retention are available only "in a nonvicarious liability case or in a case where vicarious liability has not been established." *Jordan*, 935 P.2d at 293. CRST contends Plaintiff's claim of negligent entrustment is similarly "unnecessary and superfluous" because CRST has admitted to vicarious liability for Medley's actions. *Jordan*, 935 P.2d at 293.

However, more recent decisions by the Oklahoma Supreme Court indicate that the holding in *Jordan* may not extend to negligent entrustment claims. *See Sheffer*, 306 P.3d at 550 ("Liability for negligent entrustment arises from the *act of entrustment*, not the relationship of the parties. As such, when an employer provides an employee with a vehicle, whether the negligent act was done during the course and scope of an employee's employment is not relevant to the negligent entrustment analysis." (internal citation omitted) (emphasis in original); *see also Le v. Hesse*, No. 116,243 (Okla. Sept. 18, 2017) (issuing Writ of Prohibition precluding enforcement of trial court's order granting motion for partial summary judgment as to claim for negligent entrustment, citing *Sheffer*). Following *Sheffer*, other federal courts applying Oklahoma law have concluded that negligent entrustment "gives rise to a separate and independent theory of relief that may be actionable despite" the employer's stipulation as to scope of employment. *Hunter v. N.Y. Marine & Gen. Ins. Co.*, No. CIV-16-1113-W, 2017 U.S. Dist. LEXIS 160171, at *10 (W.D. Okla. Jan. 18,

5

2017); *see also Warner v. Miller*, No. CIV-16-305-HE, 2017 U.S. Dist. LEXIS 86052, at *5-*7 (W.D. Okla. Feb. 10, 2017) (citing *Sheffer* and *Brantley v. Prince*, No. 115,434 (Okla. Dec. 5, 2016)). In *Snyder v. Moore*, the court vacated its earlier decision that the defendant's "scope of employment" stipulation precluded separate claims against it based on various state law theories. On reconsideration, the court determined that "given the uncertain state of Oklahoma law as to claims for negligent entrustment," the recent Oklahoma court decisions "tip the balance in favor of viewing negligent entrustment claims differently from other similar claims." *Snyder v. Moore*, No. CIV-15-865-HE, 2017 U.S. Dist. LEXIS 181594, at *2 (W.D. Okla. Mar. 16, 2017).

CRST's brief does not distinguish or even acknowledge the more recent Oklahoma Supreme Court decisions discussing negligent entrustment claims. The Court agrees with the analysis in *Snyder* cited above and finds no grounds to reach a different conclusion here. Accordingly, the Court holds that Plaintiff's negligent entrustment claim is not precluded as a matter of law.

**B.    Lack of Admissible Evidence**

Plaintiff has attached to her response brief evidence from the record showing that prior to January 14, 2016, Medley was cited for traffic infractions and was involved in a collision while driving a tractor-trailer. In addition, CRST's records show that Medley failed his inspections on at least ten of the previous fourteen days leading up to the subject collision, including on the day of the collision, and that CRST had cited him for several logbook violations on various dates. Plaintiff also cites statements from the deposition of a CRST employee indicating that CRST was aware of certain of Medley's previous traffic violations and his status as a felon. All of this evidence goes to whether CRST knew or should have known of an unreasonable risk of harm to others when it entrusted a semi-truck to Medley on January 14, 2016.

While CRST contends there is no admissible evidence to support Plaintiff's negligent entrustment claim, CRST has not rebutted any of the evidence submitted with Plaintiff's response or offered specific reasons why any material fact could not be proved with admissible evidence. CRST points only to the affidavit of its expert witness, Andrew J. Sievers ("Sievers"), stating that (1) CRST met all applicable Federal Motor Carrier Safety Administration ("FMCSA") regulations when it screened and hired Medley; (2) Medley held a valid Commercial Driver's License at all times relevant to this case; (3) CRST appropriately hired, trained, and supervised Medley; and (4) CRST "met all applicable FMCSA regulations in the process it used to verify Medley's training and qualification required to entrust him with . . . the subject tractor-trailer." (Def.'s Ex. 3.) However, given the evidence Plaintiff has set forth, as discussed *supra*, Sievers' affidavit alone falls well short of showing that no genuine issue of material fact exists. Accordingly, CRST is not entitled to summary judgment on Plaintiff's claim of negligent entrustment.

## IV. Conclusion

CRST's Motion for Partial Summary Adjudication (Doc. 68) is DENIED.

**SO ORDERED this 6th day of February, 2018.**

**TERENCE KERN**
**United States District Judge**